# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS CORDERO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-CV-00429−NJR |
| VIENNA CORRECTIONAL CENTER, JOHN DOE #1, JOHN DOE #2, and JOHN DOE #3, | ) ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Thomas Cordero, a former inmate of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred while he was incarcerated at Vienna Correctional Center ("Vienna"). He asserts claims for failure to protect and missing property. (Doc. 1). He seeks monetary damages. (*Id.*).

Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 4). Because Plaintiff was not incarcerated or detained at the time he filed his Complaint,[1] he does not meet the statutory definition of "prisoner"[2] for purposes of the Prison Litigation Reform Act ("PLRA") or the IFP

---

[1] Although Plaintiff's claims arose during his incarceration, he was not incarcerated at the time the Complaint was filed. It is evident that the Complaint was not mailed from a correctional facility but instead, it was mailed from a residential address. (Doc. 4). Accordingly, even though the Complaint purports to be signed while Plaintiff was incarcerated, the prison mailbox rule does not apply, and the filing date is the date the Complaint was received by the Court. *See Houston v. Lack*, 487 U.S. 266 (1988); FED.R.CIV.P. 5(d)(2). Plaintiff was paroled on April 4, 2019 (Doc. 7, p. 1), and the Complaint was filed on April 12, 2019 (Doc. 1).

[2] Section 1915(h) defines "prisoner" as any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

statute. *See* 28 U.S.C. § 1915(h). However, the Court may allow a civil case to proceed without prepayment of fees if the litigant demonstrates that he is indigent under 28 U.S.C. § 1915(a)(1), and Plaintiff has made that showing. (Docs. 4, 11). That said, the Court must also consider the merits of his claims under 28 U.S.C. § 1915(e)(2) and deny leave to proceed IFP if the claims are frivolous, malicious, fail to state a claim on which relief may be granted, or if Plaintiff seeks monetary relief against a defendant who is immune from such relief.

### The Complaint

Plaintiff makes the following allegations in his Complaint: On October 14, 2018, an altercation involving several inmates erupted on 1-B housing unit. (Doc. 1, p. 4). Inmate Teague was swinging a hot pot at other inmates. (*Id.*). Officers arrived and contained the inmates that were involved. (*Id.*). Two officers remained in the hallway. (*Id.*). The hot pot broke, and Inmate Teague grabbed a broom. (*Id.*). As Plaintiff walked to his cell, he was struck in the forehead. (*Id.*). He continued walking to his cell, and Inmate Teague pursued him. (*Id.*). Both officers stood and watched and did not attempt to stop Inmate Teague. (*Id.*).

After his release from segregation, Plaintiff informed "these officers" that several items from his personal property was missing including a watch, head phones and miscellaneous food. (*Id.*, p. 5).

Based on the allegations of the Complaint, the Court designates the following counts:

**Count 1:** **Eighth Amendment failure to protect claim against Defendants.**

**Count 2:** **Fourteenth Amendment property loss claim.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other intended claim that has not been recognized by the**

2

**Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[3]**

## Preliminary Dismissal

The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Therefore, Plaintiff cannot maintain suit against Vienna Correctional Center which is a division of the Illinois Department of Corrections; it is dismissed from this action with prejudice.

## Discussion

*Count 1*

Prison officials owe inmates a duty to protect them from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Guzman v. Sheahan*, 495 F.3d 852, 856–57 (7th Cir. 2007). To state an Eighth Amendment failure to protect claim, a prisoner must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant(s) "acted with deliberate indifference to that risk." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Awareness of a specific, impending, and substantial threat to the plaintiff's safety is necessary to support a failure to protect claim. *Pope v. Shafer,* 86 F.3d 90,92 (7th Cir. 1996).

---

[3] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3

The allegations here are insufficient to state a claim for failure to protect. Taking the facts in the order stated, the inmate with the hot pot grabbed a broom after the hot pot broke and, as Plaintiff walked by him, he struck Plaintiff in the head. Plaintiff proceeded to his cell with the inmate in pursuit. Plaintiff contends the officers stood by and did nothing to stop the inmate at that point. It does not appear, however, that there was any further assault or injury. There is nothing to indicate that the two officers in the hallway were aware of a specific, impending, and substantial threat to Plaintiff's safety until after Plaintiff had been struck in the head with a broom. Count 1 will, therefore, be dismissed for failure to state a claim.

*Count 2*

To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. Moreover, if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). In that vein, Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims, and Count 2 will be dismissed without prejudice.[4]

**Amended Complaint**

If Plaintiff wishes to pursue his claims, he must file an amended complaint. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*,

---

[4] Further, it is unclear who is the intended Defendant for Plaintiff's property loss claim. To state a Section 1983 claim against an individual or entity, Plaintiff must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). The claim would fail for this reason alone.

901 F.2d 624, 627 (7th Cir. 1990). The amended complaint should identify who violated Plaintiff's constitutional rights by name and should include a description of how Plaintiff's rights were violated. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation but must identify the act(s) or omission(s) of each Doe defendant (*e.g.* John Doe #1 did X and John Doe #2 did Y).

## Disposition

**IT IS HEREBY ORDERED** that this matter does not survive 28 U.S.C. § 1915(e)(2) review, and the Complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants Vienna Correctional Center, John Doe 1, John Doe 2, and John Doe 3 are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to **TERMINATE** them as parties in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **August 26, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claim. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District for such actions. He should label the form "First Amended Complaint," and state the case number, 19-cv-00429-NJR. To enable Plaintiff to comply with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is subject to review under Section 1915(e)(2).

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of Court is **DIRECTED** to **CORRECT** Plaintiff's address on the docket to the following: Thomas Cordero, 1332$^S$ Kildare, Chicago, IL 60623.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 26, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**