**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **THOMAS CORDERO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-CV-00429−NJR** |
| | ) | |
| **VIENNA CORRECTIONAL CENTER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for case management. Plaintiff Thomas Cordero filed this action for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1). On July 26, 2019, the Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted (Doc. 13). Cordero was given until August 26, 2019 to file an amended complaint if he wished to further pursue his claim. Cordero was warned that if he failed to submit an amended complaint, this case would be dismissed with prejudice. The deadline to file an amended complaint has passed. Cordero has not filed an amended complaint, nor has he requested an extension. The Court will not allow this matter to linger indefinitely.

**ACCORDINGLY, IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** based on Cordero's failure to comply with the Court's Order (Doc. 13) to file an amended complaint and to prosecute his claim. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

Cordero is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Cordero wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Cordero plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Cordero chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Cordero may incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED:  SEPTEMBER 5, 2019**

*s/ Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**